## WILLIAM KINNEY, ET AL., *v.* JOHN WHEELER, ET AL.

**Liens—Husband and Wife.**

Where the wife paid her husband's debt out of her own funds and by a sale of her own real estate, and the debt paid was secured by a mortgage lien, and before paying the debt she contracted with her husband's creditor that she was to have his security or lien, her husband assenting thereto, she is entitled to hold such lien.

**Homestead Right.**

The right to homestead as against a creditor does not depend upon the debtor occupying it at the time the debt is created, but upon the fact that the debt was incurred after June 1, 1866, and the further fact that the debt or liability did not exist at the acquisition of the homestead lands or the erection of the improvements thereon.

**Homestead Exemption.**

If the judgment debtor is an actual bona fide housekeeper of Kentucky at the time the creditor attempts to make his debt by levy, and the debt was incurred after the passage of the homestead law, and after the debtor has acquired the land and erected the buildings where he resides, he is entitled to the benefit of the law.

APPEAL FROM GREENUP CIRCUIT COURT.

September 26, 1878.

OPINION BY JUDGE ELLIOTT:

On the 2d day of March, 1868, the appellee, John Wheeler, and his wife, Rebecca, executed and acknowledged their deed to Thomas Dugan for about 300 acres of land on Tygert's Creek, Greenup county, for the recited consideration of $2,500. At the time of this conveyance appellee, John Wheeler, was indebted to appellant, Dulin, in the sum of $80 and shortly thereafter Wheeler became indebted to appellants, William Kinney & Company, in the sum of about $300, and to E. F. Dulin in the further sum of $120.

On the 28th day of February, 1872, for the recited consideration of

$900, John Wheeler and Rebecca, his wife, joined in a deed to Thomas Dugan, by which they conveyed to him one-half of a lot in Portsmouth, Ohio.

It seems that at the time of the conveyance by Wheeler and wife to Dugan of the tract of land in Greenup county, Dugan executed a writing in which he stated that the deed to him was a mere security for money, and that whenever John Wheeler should pay him the amount he then owed him as well as any advancements thereafter made, he would reconvey the land to Wheeler.

The evidence conduces to prove that in 1872 the amount due Dugan and for which he held a lien on John Wheeler's land amounted to $900, and to induce the wife of Wheeler to pay this sum he promised her to convey the 300 acres of land which he held by deed from her and her husband to her instead of her husband, and by reason of such promise and agreement Mrs. Wheeler did pay him her debt by conveying to him a house and a part of a lot in Portsmouth, Ohio, at the recited consideration of $900.

The evidence in this record is clear that the $900 which Wheeler owed Dugan was paid by Mrs. Wheeler by the conveyance of real property of her own to him in discharge of it and under and by virtue of a contract with Dugan that he would convey to her the land to which he held the absolute deed of herself and husband.

In 1871 appellants, Kinney and Dulin, brought their suits to set aside the deed executed by Wheeler and wife to Dugan, or rather to have it construed only as a security for money, and during the progress of their consolidated suits they had judgments and returns of "no property" on fi. fas. for their debts against Wheeler, and by amended pleadings asked for a sale of the 300-acre tract deeded to Dugan in satisfaction of their claims.

To these pleadings Mrs. Wheeler appears, and alleges the payment by her of her own property for the mortgage debt of Dugan of $900, and asks that she be substituted to his rights. John Wheeler also answered the appellants' pleadings, and stated that he resided on the tract of land that had been deeded to Dugan, and that he was a bona fide housekeeper with a family, and was entitled as against the claims of the appellants to a homestead to the value of $1,000.

On hearing the court adjudged in Mrs. Wheeler's favor a sale of the tract of land deeded by appellees, Wheeler and wife, to Dugan, or so much as would pay her the $900 which she had paid to discharge the Dugan mortgage, and out of the remainder the appellee,

John Wheeler, was entitled to a homestead as against the appellants' claims, and to reverse this judgment the case has come here by appeal.

It is certainly very clear that if anybody but Mrs. Wheeler had paid the debt to Dugan, for the security of which he held a mortgage on Wheeler, he would have been substituted to Dugan's equitable lien and could have enforced it for the payment of his claim, and we cannot see why Mrs. Wheeler cannot do the same thing.

She paid her husband's debt out of her own funds, and by a sale of her own real estate, and the debt of her husband that she paid was secured by a mortgage lien, and before she paid the debt she contracted with her husband's creditor that she was to have his security or lien, and to this her husband assented. And we are therefore of opinion that the judgment in her favor was not erroneous. It is insisted, however, that if the court were correct in adjudging in favor of Mrs. Wheeler it erred egregiously in its decision allowing appellee, John Wheeler, a homestead in the premises sought to be sold by the appellants.

It is contended that at the time appellants' debts were contracted the appellee, John Wheeler, was not a resident of this state, let alone the occupant of the premises in dispute, and that, having no right to the homestead at the time he contracted these debts, he could not acquire such rights as against these claims by afterwards moving on to and occupying the premises as a housekeeper.

Sec. 9, Art. 13, Chap. 38, General Statutes, provides "In addition to the personal property exempt from execution by this chapter there shall on all debts or liabilities created or incurred after the first day of June, 1866, be exempt from sale under execution, attachment or judgment, of any court, except to foreclose a mortgage given by the owner of a homestead or for purchase money due therefor, so much land including the dwelling house and appurtenances owned by the debtor as shall not exceed in value one thousand dollars."

The only qualification of this exemption is embraced in the 16th section, which is as follows: "The exemption provided for in this chapter shall apply to all persons of any race or color who are actual bona fide housekeepers of this commonwealth, but shall not apply to sales under execution, attachment or judgment at the suit of creditors if the debt or liability existed prior to the purchase of the land or of the erection of the improvements thereon."

It will therefore be seen that the right to a homestead, as against

a creditor, does not depend upon whether the debtor occupied it as such at the creation of the debt or not, but upon the fact that the debt was created after the 1st of June, 1866, and the further fact that the debt or liability did not exist at the acquisition of the homestead lands or the erection of the improvements thereon.

If the judgment debtor is an actual bona fide housekeeper of this commonwealth at the time the creditor attempts to make his debt by a levy upon his property, and the debt has been created after the passage of the homestead law and after the debtor has acquired the land and erected the building where he resides, he is entitled to the benefit of the law, and his homestead is exempt although he did not reside on the land at the time he incurred the creditor's debt. We have read with care the very able brief of appellants' counsel on this branch of the case, but we see no escape from the conclusions arrived at. But the judgment must be *reversed* as to appellant, Dulin, because $80 of his debt is evidenced by a note executed in 1865, which was before the passage of the homestead law, and therefore as to that debt appellant's, Dulin's, lien should have been enforced after the satisfaction of that of Mrs. Wheeler; but as to the other claims appellee, Wheeler, is entitled to his homestead exemption.

Wherefore as to appellants, Wm. Kinney & Company, the judgment is *affirmed,* but as to appellant, Dulin, the same is *reversed* for further proceedings consistent with this opinion.

*E. F. Dulin, for appellants.  T. H. Paynter, for appellees.*